GEORGE LIMBURGER

vs.

HARTFORD ACCIDENT AND INDEMNITY CO.

Superior Court     Hartford County     File #54634

Present: Hon. NEWELL JENNINGS, Judge.

A. Storrs Campbell,     Attorney for the Plaintiff.

Robert L. Halloran,     Attorney for the Defendant.

**MEMORANDUM FILED MARCH 23, 1937.**

JENNINGS, J. Two issues of fact are joined in this case (1) the period of disability and (2) the average weekly wage as it would be computed under the Compensation Act. It is admitted that the plaintiff is entitled to recover something.

The plaintiff was struck on the head by a large rock thrown from a cart. He received a severe concussion of the brain. He managed to get to a car, with assistance, but then lapsed into unconsciousness and so continued until sometime the next day. He was attended by his family doctor for a little over one month and claims total incapacity for a period of sixty-three weeks. During this period he was examined by Dr. Welles for the defendant (August, 1934) who found nothing the matter with him. He, however, fainted in Dr. Welles' office during the examination.

Having reviewed the doctors' testimony, including that of Dr. O'Loughlin by deposition taken since the trial, I find that the plaintiff has proved total incapacity for fifty-nine weeks. According to my notes he went to work a month earlier than claimed by Mr. Campbell in his brief. While this was of a supervisory nature only, he did work the first week in March, 1935.

The computation of the average weekly wage under **General Statutes, §5238,** is admittedly a difficult matter. A very similar situation existed in the case of **Baba vs. Eastern Malleable Iron Co., 98 Conn. 815.** That case holds, "that in case the total net working employment of the claimant within the prescribed period, equals or exceeds the equivalent of two full weeks' work, his average weekly wage affords the statutory basis for compensation." Since the net working employment of the plaintiff during the twenty-six weeks preceding the injury exceeded the equivalent of two weeks' work, it follows that his average weekly wage is the criterion.

The plaintiff arrives at this by taking, not the actual, but the possible receipts if he had worked full time. This is contrary to the rule in the **Baba case, supra.** The defendant divides the total by twenty-six on the theory that there is no evidence as to how many weeks he worked of the period in question. I approach this question from a somewhat different angle.

All the bills in evidence are obviously bills for work in some designated week. If we exclude the first on the ground that there is no evidence that the work began on Monday **(General Statutes, §5238)** there remain definite bills for work during some part of seven weeks. Assuming that the defendant's figures are correct, that would give a total of $566.40 less the first week's work, $25.20, or $541.20 and an average of $77.17 per week. There was evidence without cross examination or contradiction that the cost of operation including depreciation was about 44% of the daily gross income. Since the truck belonged to the plaintiff this would give his net personal wage $43.21 plus and would entitle him to the maximum under the statute, or $21. per week. No claim is made for interest.

Judgment for the plaintiff for $1239.